IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| CASSAUNDRA L. BRYSON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 7:16-cv-00233 ) |
| DLP TWIN COUNTY REGIONAL HEALTHCARE, LLC, | ) By: Elizabeth K. Dillon ) United States District Judge ) |
| Defendant. | ) ) |

**MEMORANDUM OPINION**

Plaintiff Cassaundra L. Bryson has sued her former employer, DLP Twin County Regional Healthcare, LLC (the "Hospital"), alleging that she was subjected to a racially discriminatory workplace and terminated as a result of race discrimination and in retaliation for reporting the discrimination. Her complaint asserts two counts: (1) a claim of racial discrimination in violation of Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000e *et seq.*,; and (2) a claim of retaliation under Title VII. (*See generally* Compl., Dkt. No. 1.)

The Hospital filed a motion for partial dismissal pursuant to Federal Rule of Civil Procedure 12(b)(1). (Dkt. No. 6.) The motion has been fully briefed and no party has requested a hearing, so it is ripe for decision. For the reasons set forth herein, the motion will be granted in part and denied in part.

I.  BACKGROUND

The facts are based on Bryson's complaint, and the court accepts the well-pleaded, nonconclusory factual allegations in the complaint as true when ruling on a motion to dismiss.

*Aziz v. Alcolac, Inc.*, 658 F.3d 388, 391 (4th Cir. 2011); *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008).

Bryson began working for the Hospital in August 2011 and worked there until she was terminated in April 2014, allegedly due to "unsatisfactory work performance." (Compl. ¶¶ 7, 22.) Bryson, who is Caucasian, is married to an African-American male, and they have biracial children. (*Id.* at ¶¶ 6, 11, 16; Dkt. No. 1-1 at 3.) Her complaint alleges that she was subjected to harassing and unbearable working conditions relating to her marriage to an African-American "[d]uring her entire period of employment." (Compl. ¶ 9.)

Her complaint references conversations between co-workers in her presence—as well as comments made directly to her, including by her immediate supervisors—that included negative and offensive comments regarding interracial dating.[1] (*Id.* at ¶¶ 11–19.) The complaint also refers to co-workers' making negative comments about an African-American patient and her family. (*Id.* at ¶ 13.) The complaint further alleges that, although the Hospital employs over 100 people, none of its employees are African-American. (*Id.* at ¶ 10.) When she complained about co-workers' comments about African-Americans, her supervisor at the time told her, "You know where you live. You need to let these things roll off your back." (*Id.* at ¶ 14.) Also, the day after Anderson saw Bryson and her husband at a grocery store, Anderson commented, "Boy, your husband is black, really dark, isn't he?" (*Id.* at ¶ 19.) Although Bryson complained directly to her supervisors at various points, she later also complained to the Hospital's Human Resources Department.

---

[1] These included a conversation in which one co-worker (who was Caucasian) expressed that her kids were not allowed to date blacks and that she didn't believe "that is right; the Bible says [it's] wrong," (Compl. ¶ 11), as well as numerous conversations in which her immediate supervisor (Anderson) complained that Anderson's daughter was dating a "black guy," expressed that Anderson's husband and father would never approve of the relationship and that her mother would cut her daughter "out of the will", expressed that she felt "sorry for biracial children because they don't fit in with blacks or whites," and said the boyfriend "probably" lived in the ghetto.

She claims that, after several complaints to HR, she was issued a write-up by her supervisor for "inaccurate time sheets." (*Id.* at ¶ 20.) She was subsequently fired over this issue, and claims that her co-workers' time sheets had similar problems, but they were not disciplined or terminated. (*Id.* at ¶¶ 20–22.)

After she was terminated, she filed a charge of discrimination with the EEOC. (Dkt. No. 1-1.) On the charge form, she checked only the box for "race" and not for "retaliation." In describing the basis for her race discrimination claim, she stated:

> . . . During my employment I was exposed to negative comments about interracial marital relationships and interracial children. In particular, Kippy Anderson, Home Health Director, kept questioning me about that particular topic. My employment was terminated on April 29, 2014.
> . . .
>
> I believe I was harassed as described above and discharged based on my race, White, in violation of Title VII of the Civil Rights Act of 1964, as amended, because I have an interracial family.

(Dkt. No. 1-1 at 3.) The EEOC subsequently issued her a notice of right to sue on February 22, 2016. This lawsuit followed.

## II. DISCUSSION

In its motion to dismiss, the Hospital asserts two arguments. First, it contends that the court does not have jurisdiction over Bryson's retaliation claim because she did not administratively exhaust her remedies as to this claim. Specifically, although Bryson filed a charge of discrimination with the EEOC, she failed to include in her charge a claim of retaliation. Bryson responded to this argument by stating that, "[u]pon reflection and analysis of the applicable and controlling law, [she] voluntarily dismisses her retaliation claim." (Dkt. No. 11 at 3.)

3

Accordingly, the court will grant the motion to dismiss the retaliation claim, and Count II of the complaint will be dismissed.[2]

The Hospital's second argument is that there are factual allegations in Bryson's complaint that were not administratively exhausted because they exceed the scope of her EEOC charge. Specifically, the Hospital points out that Bryson's charge only referenced one of its employees by name, Kippy Anderson. Relying on *Evans v. Techs. Apps. & Serv. Co.*, 80 F.3d 954, 963 (4th Cir. 1996), and *Bryant v. Bell Atl. Md. Inc.*, 288 F.3d 124, 132 (4th Cir. 2002), the Hospital contends that comments by persons other than Anderson may not be part of Bryson's claim in this suit and thus that those allegations (contained in paragraphs 9 through 11 of the complaint) should be struck.

The Hospital's motion is brought pursuant to Rule 12(b)(1), challenging the court's subject matter jurisdiction over Bryson's claim. Bryson bears the burden of establishing that subject matter jurisdiction exists. *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999). It appears that the Hospital is asserting a facial challenge to jurisdiction, *i.e.*, that the complaint "fails to allege facts upon which subject matter jurisdiction can be based." *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009) (*quoting Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982)).

---

[2] In its reply, the Hospital argues that, in light of Bryson's dismissal of her retaliation claim, a number of factual allegations should be dismissed and struck from the complaint. (Dkt. No. 13 at 2.) The court disagrees. Rule 12(f) allows the court to strike from any pleading "any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Motions to strike are proper "where the challenged allegations have no possible relation or logical connection to the subject matter of the controversy and may cause some form of significant prejudice" to the other party. *Bandy v. Advance Auto Parts, Inc.*, No. 7:11-cv-00365, 2012 WL 831027, at *2 (W.D. Va. Mar. 6, 2012), *aff'd*, 535 F. App'x 260 (4th Cir. 2013). But such motions are "generally viewed with disfavor because striking a portion of a pleading is a drastic remedy." *Waste Mgmt. Holdings, Inc. v. Gilmore*, 252 F.3d 316, 347 (4th Cir. 2001).

The four statements that the Hospital seeks to strike do not satisfy the foregoing standards. Instead, they simply reference either that Bryson complained about the comments, or they attempt to explain why she did not complain further. Even though Bryson's retaliation claim is being dismissed, she is claiming that she was harassed based on her interracial family and that she was terminated based on her race. The allegations about her complaints have a possible relation or logical connection to the remaining controversy. Moreover, the Hospital has not identified any prejudice it will suffer from leaving the allegations in the complaint. For these reasons, the court will not strike them from the complaint.

4

When faced with such a challenge, the court accepts "the facts alleged in the complaint . . . as true, and the motion must be denied if the complaint alleges sufficient facts to invoke subject matter jurisdiction." *Id.*

Before bringing a Title VII suit in federal court, a plaintiff must first exhaust her administrative remedies by filing a timely charge of discrimination with the EEOC. *See* 42 U.S.C. § 2000e-5(f)(1); *Jones v. Calvert Grp., Ltd.*, 551 F.3d 297, 300 (4th Cir. 2009). Exhaustion serves the dual "purposes of notice and conciliation." *Chako v. Patuxent Inst.*, 429 F.3d 505, 510 (4th Cir. 2005). That is, exhaustion "gives the employer an initial opportunity to voluntarily and independently investigate and resolve the alleged discriminatory actions" and also "initiates agency-monitored settlement, the primary way that claims of discrimination are resolved." *Id.*

In determining whether claims have been properly exhausted, the court looks to the contents of the EEOC charge because "[t]he EEOC charge defines the scope of the plaintiff's right to institute a civil suit." *Bryant v. Bell Atl. Md., Inc.*, 288 F.3d 124, 132 (4th Cir. 2002) (citing *Smith v. First Union Nat'l Bank*, 202 F.3d 234, 247 (4th Cir. 2000)). Specifically, "the scope of the civil action is confined only by the scope of the administrative investigation that can reasonably be expected to follow the charge of discrimination." *Id.* (quoting *Chisholm v. U.S. Postal Serv.*, 665 F.2d 482, 491 (4th Cir. 1981)).

The Hospital acknowledges these general principles, but it requests that the court apply them more strictly than is required and that the court not permit Bryson's claim to be based on allegations of statements by anyone other than Anderson. Because the court concludes that Bryson adequately exhausted the claim, including the alleged comments by other employees, the

court will not limit her claim in the manner the Hospital requests. There are two primary reasons for the court's conclusion.

First, Bryson's charge itself is not limited to comments made by Anderson. Instead, it refers to comments generally and then prefaces the reference to Anderson's comments by using the term "[i]n particular." (Dkt. No. 1-1 at 3.) Thus, the charge appears to refer to Anderson's comments as an example of the negative comments to which Bryson alleges she was exposed.

Second, as correctly noted by Bryson, "[i]f a plaintiff's claim in her judicial complaint [is] reasonably related to her EEOC charge and can be expected to follow from a reasonable administrative investigation, the plaintiff may advance such claims in her subsequent civil suit," despite failing to include the claims in the EEOC charge. *Smith*, 202 F.3d at 247. Furthermore, despite its important function, exhaustion does not trump the requirement to construe liberally an EEOC charge because to do so would "eviscerate" the very protections afforded victims of discrimination. *Edwards v. Murphy-Brown, LLC*, 760 F. Supp. 2d 607, 626 (E.D. Va. 2011) ("To strictly limit the bounds of a plaintiff's civil suit to the specific allegations made in the EEOC Charge would eviscerate some of the protections Title VII was designed to provide.").

A reasonable investigation into Bryson's allegations of race discrimination, in which she states that she "was exposed to negative comments about interracial marital relationships and interracial children" over a period of approximately two years and eight months likely would have revealed the additional comments referenced in the complaint. Thus, the court concludes that the comments were reasonably related to the allegations in the charge and adequately exhausted.

The cases relied upon by the Hospital do not alter the court's conclusion. For example, the Hospital quotes *Sydnor v. Fairfax Co.*, 681 F.3d 591, 593 (4th Cir. 2012), which noted that a claim is outside the scope of the charge where the charge references "different time frames, actors,

6

Case 7:16-cv-00233-EKD-RSB  Document 20  Filed 10/20/16  Page 6 of 9  Pageid#: 62

and discriminatory conduct than the central factual allegations" in the complaint. But in *Sydnor*, the Fourth Circuit concluded that the district court erred in dismissing the plaintiff's claim for failing to exhaust her administrative remedies, and it reversed the judgment of the lower court. As part of its analysis, the Fourth Circuit cautioned that, while exhaustion serves important purposes, it must "not become a tripwire for hapless plaintiffs." 681 F.3d at 594 (noting the balance to be struck between providing notice to the EEOC and employers and "ensuring plaintiffs are not tripped up over technicalities").

Then, the *Sydnor* court surveyed prior Fourth Circuit decisions, explaining that the exhaustion requirement was not satisfied, for example, where a "charge alleges only racial discrimination but the complaint includes sex discrimination . . . or where a charge alleges only retaliation but the complaint alleges racial discrimination as well." *Id.* (citing *Bryant*, 288 F.3d at 132–33, and *Jones,* 551 F.3d at 301, respectively). By contrast, the exhaustion requirement was satisfied where both the charge and the lawsuit concerned "'discriminate[ion] in promotions' but involved different aspects of the 'promotional system,' . . . and where both the EEOC charge and the complaint included claims of retaliation by the same actor, but involved different retaliatory conduct." *Id.* (citing *Chisholm*, 665 F.2d at 491, and *Smith*, 202 F.3d at 248, respectively). Nothing in *Sydnor*, then, compels the result sought by the Hospital here.

The other two cases cited by the Hospital on this point do not require dismissal here, either. The first, *Hudson v. City of Columbia*, No. 3:13-cv-429, 2015 WL 337637 (D.S.C. Jan. 26, 2015), stands for the unremarkable proposition that, where an EEOC claimant does not check the "retaliation" box on her charge and the alleged retaliation occurred prior to the filing of the charge, she has failed to exhaust that claim and may not assert it in her lawsuit. *Hudson*, No. 3:13-cv-429,

7

2015 WL 337637, at * 11–12 (adopting Magistrate Judge's report dated December 2, 2014).[3] Similarly, the second case—*Coleman v. Masonic Home of Va.*, No. 3:12-cv-682, 2013 WL 163727, at *3 (E.D. Va. Jan. 15, 2013)—merely held that the plaintiff had exhausted claims of sex and race discrimination, which were either referenced in her charge or investigated by the EEOC, but that the plaintiff had failed to exhaust any claim of sexual harassment or retaliation, since neither was referenced in the charge and neither "reasonably relate[d]" to her EEOC charge. *Id.* at *3. Neither *Coleman* nor *Hudson* involves the kind of fine parsing of factual allegations that the Hospital urges the court to apply here.

Bryson's charge alleged that "during her employment" she had been "exposed to negative comments about interracial marital relationships and interracial children," and she referenced that Kippy Anderson, "in particular" questioned her about those topics. (Dkt. No. 1-1 at 3.) Her charge checks the race box, refers both to harassment and to her discharge, and makes clear that she believes both were based on the fact that she has an interracial family. The allegations that the Hospital seeks to dismiss, which involve comments by others about interracial dating, or negative comments about an African-American patient's family, are reasonably related to the allegations in Bryson's charge. Thus, the court will deny the motion to dismiss insofar as it seeks to exclude paragraphs 9 through 11 of Bryon's complaint from her claim.

---

[3] The Hospital cited to the magistrate's recommendation rather than the district court decision. (Dkt. No. 7 at 4, 5.)

## III. CONCLUSION

For the foregoing reasons, the court will grant in part the defendant's motion to dismiss and will grant plaintiff's motion to voluntarily dismiss her retaliation claim. The motion to dismiss is otherwise denied. An appropriate order will be entered.

Entered: October 20, 2016.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge